**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LATRICE GILMORE,

Plaintiff,

v. Case No. 8:26-cv-1474-TPB-GDP

NFC AMENITIES, et al.,

Defendants.
___________________________________/

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS

This matter is before the Court on "Defendant's Opposed Motion to Dismiss Plaintiff's Complaint or for a More Definite Statement," filed by Defendant NFC Amenity Management on August 18, 2026 (Doc. 14), and "Defendant Faith Parker's Motion to Dismiss Plaintiff's Complaint with Prejudice," filed on August 18, 2026 (Doc. 15). Plaintiff LaTrice Gilmore, proceeding *pro se*, has not responded to the motions, and the time to do so has expired. After reviewing the motions, complaint, court file, and the record, the Court finds as follows:

## Background

On May 15, 2026, Plaintiff filed this employment discrimination action against her former employer, Defendant NFC Amenity Management, and Faith Parker, whom Plaintiff identifies as a team lead. Plaintiff brings this action under the Americans with Disabilities Act of 1990 ("ADA").

Plaintiff filed her complaint using the Court's form complaint for employment discrimination. In the "Statement of Claim" section, Plaintiff checked boxes

indicating that she complains about the termination of her employment, failure to accommodate her disability, unequal terms and conditions of her employment, and retaliation. She identifies November 4, 2025, as the date of the alleged discriminatory acts and identifies her disability or perceived disability as "Post-concussion, Neck and Spinal cord injury." However, Plaintiff provides no factual allegations concerning the events underlying her claims. Indeed, the portion of the form directing Plaintiff to state the facts supporting her case is entirely blank. Plaintiff also does not identify the relief she seeks. Plaintiff represents that she filed a charge of discrimination with the Equal Employment Opportunity Commission on November 25, 2025, and received a notice of right to sue on May 2, 2026.

NFC moves to dismiss the complaint for failure to state a claim or, alternatively, for a more definite statement. NFC argues that the complaint contains insufficient factual allegations to provide fair notice of Plaintiff's claims or to state a plausible claim for relief. Parker separately moves to dismiss the claims against her with prejudice, arguing that individual employees are not subject to liability under Title I of the ADA.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to serve as de facto counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019). A *pro se* complaint must contain "at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." *Jones v. Florida Parole Com'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

## Analysis

***NFC Amenity Management's Motion to Dismiss***

Plaintiff identifies the ADA as the basis for this action and checks boxes indicating that she challenges her termination, a failure to accommodate her disability, unequal terms and conditions of employment, and retaliation. But Plaintiff alleges no facts concerning any of those claims. She does not explain the circumstances surrounding her termination, identify any accommodation that she requested or NFC's response to such a request, identify the unequal terms or conditions of employment she allegedly experienced, or identify any protected activity or retaliatory conduct. Indeed, Plaintiff does not describe any conduct by NFC at all. Merely identifying a disability and checking boxes corresponding to different types of allegedly discriminatory conduct, without any supporting factual allegations, is insufficient to state a plausible claim for relief. As currently pleaded, the complaint does not provide NFC fair notice of the factual basis for Plaintiff's claims or permit the Court to reasonably infer that NFC is liable for any violation of the ADA.

Because the complaint is facially insufficient, the motion to dismiss is granted. However, particularly considering Plaintiff's *pro se* status, the Court cannot conclude at this stage that amendment would necessarily be futile. Plaintiff will therefore be afforded an opportunity to amend her claims against NFC.

In any amended complaint, Plaintiff must take care to plead facts supporting each individual claim. She must set forth her causes of action as separate claims

for relief and include no more than one claim for relief in each count. Above each count, in the form of a title or heading, Plaintiff should identify the claim for relief asserted in that count. The facts supporting her claims should be set forth in separately numbered paragraphs. Plaintiff must allege facts explaining what NFC did or failed to do, when the relevant events occurred, and how those events give rise to each asserted claim.

For instance, if Plaintiff asserts a claim based on a failure to accommodate a disability, she must plead facts concerning her disability, the accommodation she requested, when and from whom she requested the accommodation, and the response to that request. If she asserts a claim based on disability discrimination, she must allege facts showing that she is disabled or was perceived as disabled, that she is a qualified individual, and that she suffered discrimination because of her disability. If she asserts a retaliation claim, she must plead facts showing that she engaged in statutorily protected activity, suffered an adverse employment action, and that there is a causal connection between the protected activity and the adverse action. Plaintiff must also allege sufficient facts concerning any other ADA claim she intends to pursue and identify the relief she seeks.

***Faith Parker's Motion to Dismiss***

Plaintiff brings this employment discrimination action under the ADA and seeks to assert her ADA claims against Parker individually. But individual employees are not subject to liability under Title I of the ADA. *See Albra*, 490 F.3d at 830; *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996).

Consequently, Plaintiff cannot state an ADA claim against Parker in her individual capacity, regardless of what additional facts Plaintiff might allege concerning Parker's conduct. Because this deficiency is legal rather than factual, amendment of Plaintiff's ADA claims against Parker would be futile. Plaintiff's ADA claims against Parker are therefore dismissed with prejudice.

***Warning to Pro Se Litigant***

Plaintiff is advised that even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Litigation – particularly in federal court – is difficult, and Plaintiff should consider hiring an attorney. If she is unable to afford counsel, she should consider the resources available to *pro se* litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association and the Middle District of Florida's guide to assist *pro se* litigants proceeding in federal court, which is located on the Court's website.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. "Defendant's Opposed Motion to Dismiss Plaintiff's Complaint or for a More Definite Statement" (Doc. 14) is **GRANTED IN PART** to the extent that the complaint is dismissed as to Defendant NFC Amenity Management. The alternative request for a more definite statement is **DENIED AS MOOT**.

2. The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** as to Defendant NFC Amenity Management, with leave to amend to cure the defects identified in this Order.
3. "Defendant Faith Parker's Motion to Dismiss Plaintiff's Complaint with Prejudice" (Doc. 15) is **GRANTED**. Plaintiff's ADA claims against Defendant Faith Parker are **DISMISSED WITH PREJUDICE**. Defendant Faith Parker is dismissed from this action, and the Clerk is directed to terminate her as a party to this case.
4. Plaintiff is directed to file an amended complaint against Defendant NFC Amenity Management on or before October 7, 2026. The amended complaint must be complete in itself and may not refer back to or incorporate the original complaint. Plaintiff may not reassert her ADA claims against Faith Parker.
5. Failure to file an amended complaint as directed will result in this Order becoming a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 23rd day of September, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE