**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LATRICE GILMORE,

Plaintiff,

v. Case No. 8:26-cv-1474-TPB-GDP

NFC AMENITIES, et al.,

Defendants.
______________________________/

**ORDER GRANTING "DEFENDANT'S OPPOSED MOTION TO DISMISS AMENDED COMPLAINT"**

This matter is before the Court on "Defendant's Opposed Motion to Dismiss Plaintiff's Amended Complaint," filed on October 12, 2026. (Doc. 24). Plaintiff Latrice Gilmore failed to file a response in opposition, and the time to do so has expired. After reviewing the motion, court file, and the record, the Court finds as follows:

## Background

On May 15, 2026, Plaintiff filed this employment discrimination action against her former employer, Defendant NFC Amenity Management.[1] Plaintiff brings this action under the Americans with Disabilities Act of 1990 ("ADA").

Plaintiff filed her amended complaint using the Court's form complaint for employment discrimination. In the "Statement of Claim" section, Plaintiff checked boxes indicating that she complains about the termination of her employment,

[1] Plaintiff's claims against Defendant Faith Parker were previously dismissed with prejudice. (Doc. 22).

failure to accommodate her disability, and unequal terms and conditions of employment. She identifies November 3, 2025, as the date of the alleged discriminatory acts and identifies her disability or perceived disability as "Brain, Neck and Spinal cord Injury." However, Plaintiff provides no factual allegations concerning the events underlying her claims. Indeed, the portion of the form directing Plaintiff to state the facts supporting her case is, again, entirely blank. Plaintiff also does not identify the relief she seeks. Plaintiff represents that she filed a charge of discrimination with the Equal Employment Opportunity Commission on April 10, 2025, and received a notice of right to sue on May 7, 2026.

On September 23, 2026, the Court dismissed Plaintiff's original complaint for failure to state a claim. The Court explained numerous defects and gave Plaintiff the opportunity to file an amended complaint. Plaintiff filed her amended complaint on October 7, 2026. Defendant has again moved to dismiss the complaint for failure to state a claim or, alternatively, for a more definite statement.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## <u>Analysis</u>

In the instant motion to dismiss, Defendant seeks dismissal of the amended complaint with prejudice for failure to comply with the Court's prior Order and for failure to state a claim.

In its September 23, 2026, Order, the Court dismissed Plaintiff's original complaint because it contained no factual allegations supporting her claims under the ADA. The Court afforded Plaintiff an opportunity to amend and specifically instructed her to identify the claims she intended to pursue and allege facts explaining what Defendant did or failed to do, when the relevant events occurred, and how those events supported each claim. Despite these instructions, Plaintiff's

amended complaint suffers from essentially the same deficiencies. Plaintiff again identifies her alleged disability and checks boxes corresponding to various forms of employment discrimination, but she provides no factual allegations concerning Defendant's conduct or the circumstances giving rise to her claims. Indeed, the section of the amended complaint designated for factual allegations remains entirely blank. Consequently, the amended complaint fails to state a plausible claim for relief under the ADA. It is impossible for Defendant to know what Plaintiff is complaining about and formulate a response to the amended complaint.

Because the amended complaint is woefully inadequate, it is due to be dismissed. Although Plaintiff is proceeding *pro se*, she must still comply with the Federal Rules of Civil Procedure. The Court previously identified the deficiencies in Plaintiff's original complaint, provided detailed instructions for correcting them, and afforded her an opportunity to amend. Nevertheless, Plaintiff has failed to cure those deficiencies. Under these circumstances, the Court finds that another opportunity to amend is unwarranted, and the amended complaint is dismissed with prejudice. Because the amended complaint fails to state a claim, the Court need not address Defendant's other arguments or alternative request for a more definite statement.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. “Defendant’s Opposed Motion to Dismiss Plaintiff’s Amended Complaint” (Doc. 24) is **GRANTED**, as set forth herein. The amended complaint is **DISMISSED WITH PREJUDICE**.

2. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of November, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE